JAMES REDDING, ADMINISTRATOR, ETC., OF FRANK RED-
DING, DECEASED, RESPONDENT, v. LIBERTY MUTUAL
LIFE INSURANCE COMPANY, APPELLANT.

Submitted May 12, 1933—Decided October 3, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Franklin J. Marryott.*

For the respondent, *Feder & Rinzler.*

The opinion of the court was delivered by

PARKER, J. There is a preliminary motion to dismiss the appeal, on the ground of insufficient bond. The motion is technical rather than meritorious. The judgment was for $300 with $20 costs. The bond filed is in the sum of $600 or double the main judgment exclusive of costs, and it appears that on April 20th appellant deposited $20, costs in the District Court. Assuming that the bond should have been for $640, or double the judgment and costs, we nevertheless have the further fact that respondent, taking advantage of rule 146a of this court, made a motion to dismiss the appeal before a single justice of this court, and that motion was denied. We think that in dealing with the motion the justice was sitting as the practice branch of the court, and that his action is not here subject to review. *Garbett* v. *Mountford,* 70 *N. J. L.* 577.

This brings us to the merits of the appeal. Plaintiff's intestate was employed by one Guyon, who carried compensation insurance with appellant. There was an accident in the course of employment, the injured man employed counsel, who negotiated for a settlement with an adjuster acting in behalf of the appellant company (the extent of his authority is disputed) and the counsel and adjuster agreed on $300 in full of compensation and counsel fees. The agreement was not in writing, and had not, so far as appears, been ratified by the company. Redding, the injured man, died the following day, admittedly of causes other than the accident.

The suit is based on the agreement as a contract obligation arising out of the settlement, and enuring to the personal representative of the deceased. But we think that by the express language of the 1918 supplement to the Compensation act it is unenforceable. *Pamph. L.* 1918 (at *p.* 430). The language of the act is as follows:

"Whenever an employer or his insurance carrier and an injured employe, or the dependents of a deceased employe, shall, by agreement, duly signed, settle upon and determine the compensation due to the injured employe, or to the dependents of a deceased employe, as provided by law, the employer or the insurance carrier shall forthwith file with the bureau a true copy of such agreement. Such agreement shall not bind the employer or injured employe, or the dependents of a deceased employe, unless approved by the bureau."

In *Pathe Exchange* v. *McGovern,* 3 *N. J. Mis. R.* 652, it was substantially held that this amounted to a sort of statute of frauds invalidating settlements as such unless in writing, filed and approved. It is argued that an insurance carrier is not included in the statute, although twice mentioned therein as a party to the agreement. But we think this omission a mere inadvertence. The obligation of the insurance carrier is secondary to that of the employer. If the carrier becomes insolvent the employer remains liable. *Narozniak, Administrator,* v. *Perdek,* 10 *N. J. Mis. R.* 1000. Moreover, the obligations are mutual and if the carrier could not hold

the employe to them without a written, filed and approved paper, by the same token the carrier cannot be held.

The state of demand averred that the agreement was not in writing, and should have been struck out on motion and judgment entered for defendant. To that end the judgment is reversed.